## CARROLL *v.* THE STATE.

There being sufficient evidence to authorize the conviction of the accused, this court will not interfere with the discretion of the trial court in overruling the motion for a new trial on the ground that the verdict was contrary to the evidence. The charge of the court, taken as a whole, was a full and fair presentation of the law bearing upon the case, and the request to charge which was insisted upon was properly refused.

Argued June 17, — Decided July 18, 1901.

Indictment for murder. Before Judge Felton. Bibb superior court. May 10, 1901.

*W. J. Grace* and *R. L. Anderson,* for plaintiff in error.

*J. M. Terrell, attorney-general,* and *William Brunson, solicitor-general,* contra.

LEWIS, J. The plaintiff in error was tried and convicted of the offense of murder. The testimony shows a case of outrageous assassination; a willful, deliberate, and felonious killing, without any provocation whatever. The only defense was the plea of insanity. There was some evidence tending to show that the accused was of weak mind; but there was, on the other hand, evidence amply sufficient to authorize the jury to conclude that he had sufficient mental power to distinguish right from wrong with reference to the particular criminal act which he was committing, and that he was not the victim of any delusion which overmastered his will in regard to this crime. The charge of the court, taken as a whole, was a full and fair presentation of the law bearing upon the case. There was no error in refusing to charge, as requested, that the jury should give great weight and consideration to certain expert testimony. The court should not try to influence the jury by designating any particular witness or class of witnesses to whose testimony they should give special attention or unusual weight.

*Judgment affirmed. All the Justices concurring.*